**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CORIE MBOH, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM MARKETING, LLC, d/b/a ONRANKER <br><br> Defendant. | Case No.: 22 CV 5719 <br><br> **Jury Trial Demanded** |

**CLASS ACTION COMPLAINT**

COMES NOW Plaintiff Corie Mboh, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant William Marketing, LLC d/b/a OnRanker, states:

**BACKGROUND, PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Corie Mboh ("Mboh") brings this case to protect the privacy rights of herself and a class of similarly situated people who were called on their phones by or on behalf of Defendant William Marketing, LLC d/b/a OnRanker ("OnRanker"). OnRanker called Mboh and the putative class members after they had registered their phone numbers on the National Do Not Call Registry.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA also affords special protections for people who registered their phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person

who receives more than one telephone solicitation/telemarketing call on their phone within a twelve-month period after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. In addition, the TCPA provides similar protections and damages to persons who, like Mboh, continue to receive telephone solicitation/telemarketing calls after asking that the company stop calling them.

5. Finally, the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code Ann. §§ 59.1-510 *et seq.* protects persons, like Mboh, with Virginia area codes from receiving telemarketing calls despite their phone numbers being registered on the National Do Not Call Registry. *See* Va. Code Ann. § 59.1-510.

6. The proliferation of unwanted telemarketing calls is rampant in the United States. For example, in January through September 2022, approximately 36.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited October 10, 2022).

7. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

8. Mboh is an individual who resides in and is a citizen of the State of Virginia.

9. Mboh brings this action on behalf of herself and all others similarly situated.

10. OnRanker is a California Limited Liability Company with headquarters in the State of Illinois and is registered in the State of Illinois to transact business in Illinois. At the time of this filing, OnRanker was not in good standing with the California Secretary of State.

11. OnRanker transacts business in Illinois and throughout the United States.

12. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 as this case presents a federal question under the TCPA.

13. This Court has personal jurisdiction over OnRanker because OnRanker is headquartered in Chicago, Illinois, solicits business in the State of Illinois, conducts business in the State of Illinois, and OnRanker otherwise has sufficient minimum contacts with the State of Illinois, and such contacts are continuous and systematic.

14. Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events giving rise to Mboh's claims occurred within this judicial district.

## BACKGROUND

15. OnRanker describes itself as being "a full-service marketing agency that can help your business grow."

16. OnRanker performs marketing of various products and services for its clients, in part, through telemarketing.

17. Mboh is the owner of a phone. Her phone number is 703-XXX-1788.

18. Mboh's phone number is a residential line and is not a business line.

19. Mboh uses her phone number for personal purposes such as communicating with friends and family.

20. Mboh did not provide her phone number to be called by OnRanker.

21. Mboh has no prior business relationship with OnRanker.

22. Mboh never inquired of OnRanker about any products or services before or at the time she received the calls at issue.

23. Mboh did not grant OnRanker consent to be called on her phone before or at the time she received the calls at issue.

24. To ensure she did not receive unwanted telemarketing phone calls, Mboh registered her phone number on the National Do Not Call Registry on or about September 22, 2007.

25. Between August and September 2022, Mboh received at least seventeen calls that appeared on her phone as originating from phone number 571-360-6408. On information and belief, this phone number is a phone number associated with an OnRanker call center.

26. In addition, Mboh received at least an additional three call that appeared on her phone as originated from phone numbers 571-946-9101, 571-520-0991 and 571-416-6936. On information and belief, these phone numbers are phone numbers associated with an OnRanker call center.

27. The calls Mboh received on or behalf of OnRanker concerned a variety of products and services, ranging from real estate to insurance-related products, to debt consolidation services.

28. Mboh repeatedly requested that the OnRanker representative stop calling her. Yet, the representatives called her more than ten times after she requested said calls cease.

29. OnRanker's conduct violated the privacy rights of Mboh and the putative class members, as they were subjected to annoying and harassing calls. OnRanker's calls intruded upon the rights of Mboh and the putative class members to be free from invasion of their interest in seclusion.

30. OnRanker's conduct caused Mboh and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

31. On information and belief, OnRanker placed calls to Mboh and the putative class members for the purpose of selling various products and services.

## Class Allegations

32. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), Mboh brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

33. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3), Mboh seeks to represent the following classes:

> **Do Not Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call from OnRanker (or someone acting on its behalf) advertising goods or services; (2) during a 12-month period; (3) to a residential telephone number; and, (4) to a phone number that was registered on the Do Not Call Registry for 31 or more days at the time the calls were placed.
>
> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through the date a class is certified: (1) OnRanker (or someone acting on its behalf) called more than one time, (2) within any 12-month period, (3) marketing products and services, (4) more than one time after the person requested that OnRanker (or someone acting on its behalf) stop calling.
>
> **Virginia Class:** All persons with Virginia codes who from four years prior to the filing of this action until the date a class is certified: (1) received a telephone solicitation call on or behalf of OnRanker; (2) whose number was registered on the on the Do Not Call Registry for 31 or more days at the time the calls were placed or who previously requested OnRanker stop calling them and received an additional call on or behalf of OnRanker after such a request.

5

34. Mboh reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

35. The members of the proposed classes are so numerous that joinder of all members is impracticable. Mboh reasonably believes that hundreds or thousands of people have been harmed by OnRanker's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to OnRanker or those acting on its behalf.

36. Members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

37. On information and belief, OnRanker has called and continues to call people who are registered on the National Do Not Call Registry and who have requested to be placed on OnRanker's internal do not call list. It is reasonable to expect that OnRanker will continue to make such calls absent this lawsuit.

38. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

    a. Whether OnRanker placed calls to Mboh and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

    b. Whether OnRanker's conduct violates 47 U.S.C. § 227(c);

    c. Whether OnRanker's conduct violates the rules and regulations implementing the TCPA;

    d. Whether OnRanker's conduct violates the VTPPA §§ 59.1-510 *et seq*; and,

    e. Whether Mboh and the putative class members are entitled to increased damages for each violation based on the willfulness of OnRanker's conduct.

39. Mboh's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and are based on the same legal theories.

40. Mboh and her counsel will fairly and adequately protect the interests of the members of the proposed class. Mboh's interests do not conflict with the interests of the proposed class she seeks to represent. Mboh has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

41. Mboh's counsel will vigorously litigate this case as a class action, and Mboh and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

42. A class action is superior to all alternative methods of adjudicating this controversy, including through individual lawsuits. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

43. In contrast, a class action is superior in that it will benefit the Court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

44. Questions of law and fact, particularly the propriety of calling phone numbers registered on the National Do Not Call Registry and calling people who request no longer to be called, predominate over questions affecting only individual members.

45. OnRanker has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"),
47 U.S.C. § 227(c) (National Do Not Call List Violations).**

46. Mboh incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count I.

47. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

48. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

49. The penalty for each call placed in violation of the TCPA's restrictions on calling phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

50. In addition, the TCPA allows the Court to enjoin OnRanker's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

51. By making calls to the phones of Mboh and the putative class members after their

8

numbers were registered on the National Do Not Call Registry, OnRanker violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

52. OnRanker knew or should have known that Mboh and the putative class members had their numbers registered on the National Do Not Call Registry.

53. Mboh and the putative class members are entitled to damages of $500.00 per violation for each call made by OnRanker and up to $1,500.00 per violation if the Court finds that OnRanker willfully violated the TCPA.

### Count II - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) (Internal Do Not Call List Violations).

54. Mboh incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count II.

55. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

56. The regulations prescribed under Section 227(c) require companies like OnRanker, who engage in telemarketing to institute "procedures for maintaining a list of persons who request not to receive telemarketing calls on or behalf of that person or entity." *See* 47 C.F.R. § 64.1200(d).

57. These procedures must meet several minimum standards, including, but not limited to:

> **(1)** *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> **(3)** *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> **(4)** *Identification of sellers and telemarketers.* A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> **(5)** *Affiliated persons or entities.* In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> **(6)** *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*See* 47 C.F.R. § 64.1200(d)(1)-(6).

58. OnRanker failed to implement these minimum standards by repeatedly calling Mboh and the putative class members after said persons requested that OnRanker stop calling them.

59. In addition, the TCPA allows the Court to enjoin OnRanker's violations of the TCPA's regulations prohibiting calls to phone numbers that should have been placed on

10

OnRanker's internal do not call list. *See* 47 U.S.C. §§ 227(c)(5)(A).

60. By making calls to the phones of Mboh and the putative class members after their numbers should have been placed on OnRanker's internal do not call list, OnRanker violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c) and the TCPA's corresponding regulations.

61. OnRanker knew or should have known that Mboh and the putative class members did not wish to be called as such persons advised OnRanker that they did not wish to receive calls from or on behalf of OnRanker.

62. Mboh and the putative class members are entitled to damages of $500.00 per violation for each call made by OnRanker and up to $1,500.00 per violation if the Court finds that OnRanker willfully violated the TCPA.

**Count III - Violations of the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code Ann. §§ 59.1-510 *et seq.***

63. Mboh incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count III.

64. The telephone calls placed by or on behalf of OnRanker to Mboh and the putative class members are "telephone solicitation calls" as defined by Section 59.1-510 of the VTPPA.

65. OnRanker is the "responsible person" for placing the calls to Mboh and the putative class members as defined by Section 59.1-510 of the VTPPA.

66. OnRanker is a "telephone solicitor" as defined by Section 59.1-510 of the VTPPA because OnRanker made or initiated, or caused the calls to be initiated, to Mboh and the putative class members.

67. Section 59.1-514 of the VTPPA provides that no telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number after the person at the number has previously stated that they do not wish to receive such calls. Va. Code Ann. § 59.1-514(A).

68. Section 59.1-514 of the VTPPA provides that no telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry. Va. Code Ann. § 59.1-514(B).

69. The penalty for violating the VTPPA is $500 for the first violation, $1,000 for the second violation and $5,000 for each subsequent violation. Va. Code Ann. § 59.1-515(A). Mboh and the putative class members are entitled to such damages.

70. In addition, if the Court finds a willful violation, the Court may increase the damages up to $5,000 for the first and second violations of the VTPPA. Va. Code Ann. § 59.1-515(B). Mboh and the putative class members are entitled to such damages.

71. Mboh and the putative members of the Virginia Class are entitled to their reasonable attorney fees and court costs as OnRanker violated the VTPPA. Va. Code Ann. § 59.1-515(B).

## Demand for Judgment

WHEREFORE Plaintiff Corie Mboh, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant William Marketing, LLC d/b/a OnRanker pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Mboh as the class representative;

b. Enter an order appointing Butsch Roberts & Associates LLC and Law Office of

James X. Bormes, P.C. as counsel for the class;

  c. Enter judgment in favor of Mboh and the putative members of the Do Not Call Registry Class and the putative members of the Internal Do Not Call Class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if OnRanker willfully violated the TCPA;

  d. Enter a judgment in favor of Mboh and the putative members of the Do Not Call Registry Class and the putative members of the Internal Do Not Call Class that enjoins OnRanker from violating the TCPA's regulations prohibiting OnRanker from calling numbers that it has been requested to stop calling;

  e. Enter judgment in favor of Mboh and the putative members of the Virginia Class for all damages available under the VTPPA, including statutory damages of $500 for the first violation, $1,000 for the second violation, and $5,000 for each subsequent violation;

  f. Enter judgment in favor of Mboh and the putative members of the Virginia Class for $5,000 for each violation of the VTPPA determined to be willful;

  g. Award Mboh and the putative members of the Do Not Call Registry Class, the Internal Do Not Call Class and the Virginia Class their attorneys' fees and costs as permitted by the VTPPA;

  h. Award Mboh and the putative members of the Do Not Call Registry Class, the Internal Do Not Call Class and the Virginia Class all expenses of this action, and require OnRanker to pay the costs and expenses of class notice and administration; and,

  i. Award Mboh and the putative members of the Do Not Call Registry Class, the Internal Do Not Call Class and the Virginia Class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Corie Mboh demands a jury trial in this case.

**BUTSCH ROBERTS & ASSOCIATES LLC**

/s/ Christopher E. Roberts
One of Plaintiff's attorneys

Christopher E. Roberts #6302857IL
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
CRoberts@butschroberts.com

James X. Bormes #6202568 – IL
Catherine P. Sons #6290805 – IL
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60603
Phone: (312) 201-0575
Fax: (312) 332-0600
jxbormes@bormeslaw.com
cpsons@bormeslaw.com